## 9010

### ASHE *ET AL.* v. STANDARD OIL CO.

#### (84 S. E. 412.)

TRIAL. TAKING CASE FROM JURY. DIRECTION OF VERDICT.

Where there is any competent, relevant evidence to go to the jury that presents any issuable fact pertinent to the case from which more than one inference can be drawn, it should be left to the jury.

Before BOWMAN, J., Orangeburg, June, 1914. Reversed.

Action by Annie E. Ashe and another against the Standard Oil Company.

The complaint alleged, *inter alia,* that the plaintiff, Annie E. Ashe, was grievously injured and wounded, having been kicked in the stomach and knocked down by a mule belonging to the defendant while such mule was hitched to its delivery wagon, and while standing in a traveled way in the city of Orangeburg, such mule being unhitched and unattended at the time.

From judgment for defendant, plaintiff appeals. The facts are stated in the opinion.

*Messrs. Wolfe & Berry* and *Raysor & Summers,* for appellant, submit: *There was testimony to support allegations of complaint:* 81 S. C. 354. *As to negligence in managing team:* 1 R. C. L. 1094; 148 Mass. 91; 18 N. E. 680; 45 Am. Rep. 400; 25 R. I. 451; 1 Ann. Cas. 204, 205; 1 Bevan Neg. (2d ed.) 97. *Leaving team unhitched and unattended:* 94 Mo. 362; 147 Pa. 178; 74 N. Y. Sup. 574; 5 Atl. 381; 22 Wis. 432. *Question for jury:* 77 Conn. 158; 48 Ala. 220; 33 N. J. L. 441; 84 Va. 313. *Were mules rightfully left where they were:* 1 R. C. L. 1094; 17 Idaho 63; 20 Ann. Cas. 60; 25 L. R. A. (N. S.) 691; 69 Am. Dec. 99; 91 Md. 54; 172 Mass. 411; 49 Conn. 113. *Knowledge of animal's vicious nature:* 1 R. C. L. 1095; 53 Am.

sec. 589; 14 Ann. Cas. 624; 52 N. E. 518. *Circumstances to be considered:* 1 R. C. L. 1109, 1110; 39 Colo. 148; 8 L. R. A. 1001; 105 Mass. 342; 72 N. J. L. 530; 5 Ann. Cas. 874. *Ordinary care:* 28 Ind. 334; 2 L. R. A. (N. S.) 1189, and note. *Propensity of mule to kick:* 42 Ill. App. 186; 2 Cyc. 368, 369. *Proximate cause question for jury:* 62 S. C. 130; 61 S. C. 404. *So contributory negligence:* 1 R. C. L. 1111; 104 Am. St. Rep. 958; 5 Ann. Cas. 879, note.

*Messrs. Willcox & Willcox, Henry E. Davis* and *S. W. Wetmore,* for respondent, submit: *"Domestic animals, such as oxen or horses, may injure the person or property of another, but Courts of justice invariably hold that, if they are rightfully in the place where the injury is inflicted, the owner of the animal is not liable for such an injury, unless he knew that the animal was accustomed to be vicious; and in suits for such injuries, such knowledge must be alleged and proven, as the cause of action arises from the keeping of the animal after knowledge of its vicious propensity."* 15 Mills & V. 563; 1 N. Y. 515; 5 C. B. 632; 6 Exch. 697; 92 B. 100; 22 Wis. 73; 13 C. B. (N. S.) 430. *The owner of ordinary domestic animals is not liable for injuries which they do to another, unless the animal was accustomed to injure persons or had an inclination to do so, to the knowledge of the owner:* 22 Ala. 568. *If the animal is in a place where it had the right to be, then the plaintiff must show that the animal was vicious and also show that defendant was chargeable with notice of the fact:* 51 Am. St. Rep. 62; 95 Ga. 108; 69 Am. St. Rep. 99; 44 Me. 322; 49 Am. St. Rep. 741; 52 Ohio 552; Vol. 2, Am. & Eng. Enc. (2d ed.) 364, cited in *Eddy* v. *Union R. R. Co.,* 105 Am. St. Rep. 897; 64 N. E. 968 (182 Mass. 192).

March 1, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action by the plaintiffs against the defendant for damages for personal injuries alleged to have been sustained by the plaintiff, Annie E. Ashe, wife of Jacob E. Ashe, by reason of negligence of the defendant. The action was for actual and punitive damages. The cause was heard before his Honor, Judge Bowman, and a jury, at the June term of the Court, 1914, for Orangeburg county, and after all of the testimony, both for plaintiff and defendant, was in, defendant moved for a direction of verdict in its favor upon several grounds. After argument the Court directed a verdict in favor of defendant, whereupon plaintiffs appeal, and by nine exceptions allege error on the part of Circuit Court in so directing a verdict, and contend that there was sufficient evidence to carry the case to the jury.

It is not necessary to consider the exceptions *seriatim,* because the law is so plain that, if there is any competent, relevant evidence to go to the jury that presents for them any issuable fact pertinent to the case from which more than one inference can be drawn, then it should go to the jury for their determination. After a careful study and analysis of the evidence of the whole case, and especially that of the plaintiff, we are constrained to hold that there was at least one point that the jury should have passed upon; it was for them to determine from all the facts, surroundings, circumstances, and evidence in the case: Was there any negligence on the part of defendant in placing its wagon and team of mules where it placed them and leaving them unattended as testified to?

The verdict must be set aside and reversed.

MR. JUSTICE GAGE, *dissenting:* I dissent. The plaintiff testified Mr. Dukes, the driver, was at the back of the wagon when she was kicked. I think the testimony fails to show any lack of care under the circumstances.